## Case No. 7,895.

Ex parte KNOWLES.

[2 Cranch, C. C. 576.] [1]

Circuit Court, District of Columbia. May Term, 1825.

INSOLVENCY—PETITION FOR RELEASE — PREVIOUS FRAUDULENT CONVEYANCE — FALSE CONSIDERATION IN DEED—PREFERRING CREDITORS—FRAUD IN LAW—BURDEN OF PROOF.

1. Upon the trial of an issue upon allegations of fraud against an insolvent debtor, it must appear that the intended fraud was against creditors who were such at the time of the supposed fraudulent conveyance, and at the time of trial.

2. A bonâ fide sale, by the debtor, of his property, or any part of it, for the purpose of paying certain preferred creditors, to the exclusion of others, is not a fraud of which he can be convicted upon allegations filed under the insolvent act [2 Stat. 237].

3. The inserting in the deed, a consideration less than the true consideration paid, is not, of itself a fraud, if a fair, valuable, bonâ fide consideration was paid, or contracted to be paid.

4. A deed, void as to creditors, because not accompanied and followed by possession, although technically fraudulent as to creditors, is not evidence of fraud of which the debtor can be convicted upon allegations under the insolvent act, if there was a real, bonâ fide consideration.

5. Upon the trial of an issue upon allegations under the insolvent act, the burden of proof is on the complaining creditors to show the fraudulent intent.

Upon the trial of an issue upon allegations filed by certain creditors of Henry Knowles, a petitioning insolvent debtor, under the act of congress "for the relief of insolvent debtors within the District of Columbia" (2 Stat. 237), the following instructions to the jury were moved by Mr. Jones, for petitioner, and given by his honor, MORSELL, Circuit Judge:

1. That in order to convict the petitioner of the offence charged in the said allegations, it is necessary for the prosecutors to prove that the petitioner had conveyed, lessened, or disposed of the property described in the said allegations to defraud the creditors who were creditors at the time of the said conveyances, and who still continue creditors, or some of them; and if the creditor or creditors, so intended to be defrauded, have since been paid and satisfied, the fraud or deceit then practised or intended against the creditor or creditors so paid and satisfied, cannot be taken advantage of by persons who have since become creditors, to convict the petitioner under these allegations.

2. That a fair and bonâ fide sale of the property, for the purpose of applying the money to the payment of certain preferred creditors, to the exclusion of others thought by the petitioner to be less meritorious, is not a fraud or deceit towards his creditors, of which he can be convicted under the said allegations.

3. That the designation in the deeds, of a nominal consideration less than the real one

paid, is not, of itself, a fraud, if a fair, valuable, and bonâ fide consideration were in fact paid, or bonâ fide contracted to be paid, and the purchaser absolutely bound for the payment.

4. That the circumstance of the bargainor's remaining in possession of the property (if he should be found, in fact, to have remained in possession of it) notwithstanding a conveyance absolute in form, so as to make the conveyance void, and technically fraudulent, as against creditors, is not, of itself, any fraud or deceit of which the petitioner can be convicted under the said allegations, if there was a real, fair, and bonâ fide consideration.

5. That the burden of proof is on the prosecutors to show that the conveyances set forth in the allegations were fraudulent, as averred in the allegations; and that the said conveyances are to be presumed to be fair and bonâ fide and for valuable consideration until the prosecutors show that they are fraudulent, or for a consideration grossly inadequate, or reduced below its proper and fair amount, with a fraudulent intent towards his creditors.